**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-10-2771 |
| | : | Related Crim. No. CCB-06-57 |
| | : | |
| JERMARL JONES | : | |

**MEMORANDUM**

Petitioner Jermarl Jones has filed a motion to vacate his conviction under 28 U.S.C.

§ 2255. (ECF No. 115.) Jones claims that his counsel was ineffective for failing to file a motion

to suppress evidence prior to trial, or raising the issue on direct appeal, and that his conviction

should be vacated under the Sixth Amendment. For the reasons set forth below, Jones's motion

will be denied.

Jones was convicted of conspiracy to distribute narcotics on March 6, 2008. He was

sentenced to 240 months of incarceration. Subsequently, Jones appealed on various grounds and

his conviction was affirmed. *See United States v. Jones*, 345 F. App'x 872 (4th Cir. 2009). The

conviction of Jones rests in part on evidence that was seized at Apartment H of 10 Breezy Tree

Court, an apartment complex in Cockeysville, Maryland. *See Jones*, 345 F. App'x at 880. Jones

now asserts that his trial counsel was ineffective because counsel decided to argue that Jones had

no relationship to the Breezy Tree apartment whatsoever, rather than attempting to argue that

Jones had standing to suppress the evidence found at the apartment under the Fourth

Amendment. Before Jones was arrested, his co-defendant had successfully suppressed the

evidence found in the Breezy Tree apartment. (*See* Memorandum, ECF No. 117-1.) Jones admits

that his trial counsel elected not to file a motion to suppress because counsel believed it "would

1

be to[o] risky a strategy." (Jones Affidavit, ECF No. 117-2, ¶ 8.) Jones's counsel explained to

him that "in order [to] suppress evidence from Breezy Tree . . . [Jones] would have to show that

[he] was connected in a meaningful way to that apartment. . . . [A]ny admission of or ties to

Breezy Tree Court would be used at Trial." (*Id.* ¶¶ 9-10.) Jones agreed. (*Id.* ¶ 11.)

> The court evaluates a claim of ineffective assistance of counsel under a two-pronged test:

> In order to succeed on a claim of ineffective assistance of counsel, a defendant must
> show: (1) that his counsel's performance fell below an objective standard of
> reasonableness; and (2) that counsel's deficient performance was prejudicial. . . . Under
> the first prong . . . , a defendant must demonstrate that counsel's performance fell below
> an objective standard of reasonableness under "prevailing professional norms." In
> evaluating counsel's performance, [the court] must "indulge a strong presumption that
> counsel's conduct falls within the wide range of reasonable professional assistance."

*Sexton v. French*, 163 F.3d 874, 882 (4th Cir. 1998) (quoting *Strickland v. Washington*, 466 U.S.

668, 687-89 (1984)). In *Kimmelman v. Morrison*, the Supreme Court specifically addressed a

claim of ineffective assistance for failing to file a motion to suppress evidence. 477 U.S. 365,

385 (1986). There, the Court held that counsel was ineffective because the failure to file such a

motion was "not due to strategic considerations, but because, until the first day of trial, [counsel]

was unaware of the search and of the State's intention to introduce [the evidence]." *Id.*; *cf. Meyer*

*v. Branker*, 506 F.3d 358, 371 (4th Cir. 2007) ("It is a cardinal tenet of the Supreme Court's

ineffective assistance jurisprudence that 'strategic choices made after thorough investigation of

law and facts relevant to plausible options are virtually unchallengeable.'") (quoting *Strickland*,

466 U.S. at 690).

> As a preliminary matter, the court will assume, without deciding the issue, that Jones has

not procedurally defaulted on a claim of ineffective assistance, even though he did not present

the claim in his direct appeal to the Fourth Circuit, because the claim involves evidence not on

the trial record. *See Bond v. United States*, 1 F.3d 631, 634-36, 638 (7th Cir. 1993) (holding that

petitioner did not default in failing to claim ineffective assistance for not filing a motion to suppress on direct appeal because such a claim required extrinsic evidence beyond the trial). For this reason, however, Jones's claim that his appellate counsel was ineffective also fails. It appears from Jones's own testimony that the limited scope of direct appeal to the trial record is precisely the reason appellate counsel decided not raise it. (*See* Jones Affidavit ¶¶ 16-18.)

As to his trial counsel, Jones's claim falls under both prongs of *Strickland*. Under the first prong, it is obvious from the record and from Jones's own affidavit, submitted with his motion, that his counsel's decision not to pursue a motion to suppress the evidence found at the Breezy Tree apartment was a strategic decision, (*See* Jones Aff. ¶ 8), which, as noted above, is virtually unchallengeable. If Jones's counsel had pursued a motion to suppress the evidence, he would have had to admit, even insist, that Jones had a reasonable expectation of privacy in the Breezy Tree apartment, *see United States v. Rusher*, 966 F.2d 868, 873-74 (4th Cir. 1992), and provide a witness the government was unable to find (Linnea Worthington), who would apparently link him to the apartment. Instead, counsel's trial strategy was to suggest that Jones was completely unaware of the contents of the apartment and that he had no affiliation with it. (*See* Trial Tr., ECF No. 117-5, at 7-8.)[1] Given the "strong presumption" that counsel acted professionally, Jones has not met his burden of showing that his counsel's strategic decision to forgo a motion to suppress in favor of an alternate strategy was "below an objective standard of reasonableness," especially because he does not claim, nor is there any indication, that counsel did not thoroughly investigate Jones's case before reaching his strategic decision.

Jones cannot satisfy the second prong of *Strickland* because it is unlikely that a motion to suppress would have succeeded. In order to show prejudice under *Strickland*, the petitioner must

---

[1] This is an excerpt from the trial that Jones attached to his memorandum in support of his motion.

show that, had counsel not made the alleged error, "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011). In order to succeed on his motion to suppress, Jones would first have had to demonstrate that he had a legitimate expectation of privacy in the apartment. *See Rusher*, 966 F.2d at 873-74. According to the officer who initially entered the apartment, there was an abundance of drug paraphernalia in plain view throughout the apartment, but no beds or other furnishings. (*See* (6/2/2006 Hearing Tr. at 28-32.)[2] While Jones now produces an affidavit from the lessee of the apartment claiming that she leased it for Jones and that she gave him "total dominion and control" over the apartment, his name was not on the lease. (*See* Worthington Affidavit, ECF No. 117-3.)  In fact, Jones did not have a key to the apartment on him when he was arrested, yet his co-defendant did have a key, and his co-defendant testified that the only other key was held by a third individual. (Hearing Tr. at 13-20.) Thus, under the totality of the circumstances, it is likely that the court would have concluded that Jones was merely "running a drug ring" out of the apartment of a third party, which would not have entitled him to a reasonable expectation of privacy. *See United States v. Gray*, 491 F.3d 138, 146-47 (4th Cir. 2007) (affirming that defendant had no expectation of privacy where he was found in an apartment clearly used for drug trafficking, he did not have a key to the apartment, he was not planning to stay over, and he was a "business, not a social, guest"). In short, Jones was not prejudiced by his counsel's failure to file a motion to suppress.

---

[2] This hearing was for Jones's co-defendant's motion to suppress.

Accordingly, Jones's motion will be denied. Furthermore, a certificate of appealability is not warranted and shall be denied. *See* 28 U.S.C. § 2253(c).[3]

_____11/14/12_____                            _____/s/_____
Date                                          Catherine C. Blake
                                              United States District Judge

---

[3] Of course, Jones may seek a certificate of appealability from the Fourth Circuit if he chooses to do so.